SUPERIOR COURT OF NEWCASTLE COUNTY,
DELAWARE

| | | |
|---|---|---|
| ROGER KEITH, CO-EXECUTOR | : | |
| TO THE ESTATE OF | : | No. 05C-02-272-CLS |
| ERNEST V. KEITH, DECEASED | : | |
| c/o Gibson & Perkins, P.C. | : | |
| Suite 105, 200 East State Street | : | NON-ARBITRATION |
| Media, PA 19063 | : | |
| PLAINTIFF | : | |
| vs. | : | JURY TRIAL DEMANDED |
| GREGORY A. SIORIS, ESQUIRE | : | CMAL – LEGAL |
| 350 FIFTH AVENUE, Suite 7606 | : | MALPRACTICE |
| New York, New York, 10118-0110 | : | |
| AND | : | |
| HENRY A. HEIMAN, ESQUIRE | : | |
| 702 King Street, Suite 600 | : | |
| Wilmington, DE 19801 | : | |
| AND | : | |
| HEIMAN, ABER, GOLDLUST & BAKER | : | |
| 702 King Street, Suite 600 | : | |
| Wilmington, DE 19801 | : | |
| Defendants | : | |

## AMENDED COMPLAINT

### I.    PARTIES

1.    Plaintiff Roger Keith, co-executor to the Estate of Ernest V. Keith,

Deceased, is one of the three co-executors to his late father's estate, appointed in New

Castle County following the death of the Decedent, Ernest V. Keith. The address of

Roger Keith is c/o Gibson & Perkins, P.C., Suite 105, 200 East State Street, Media,

Pennsylvania 19063.

2.    The Decedent departed this life on May 13, 1996.

3.    Defendant, Gregory A. Sioris, Esquire, is an adult individual with a business address of Suite 7606, 350 Fifth Avenue, New York, NY 10118-0110, hereinafter "Sioris".

4.    At all times relevant hereto, Sioris is a duly licensed attorney practicing in the State of New York, and practices law under his own name at the address first written in the preceding paragraph.

5.    Defendant Henry A. Heiman, Esquire is an adult individual, licensed to practice law in the State of Delaware, with his principle place of business at the law firm of Heiman, Aber, Goldlust & Baker, located at 702 King Street, Suite 600, Wilmington, Delaware 19801, hereinafter "Heiman".

6.    Defendant Heiman, Aber, Goldlust & Baker is a Delaware law firm located at 702 King Street, Suite 600, Wilmington, Delaware 19801.

## II.    FACTUAL BACKGROUND

7.    During late summer 1994, Decedent's agent and natural son (and now estate executor), Roger Keith, had the occasion to consult with Norris P. Wright, Esquire and the Delaware Law firm of Morris, James, Hitchens & Williams with regard to satisfying a mortgage held by the Decedent, dated June 10, 1993.

8.    The Decedent, in the summer of 1994 was a gentleman over ninety years of age who had sought the mortgage monies from the mortgagors in order to pay for his nursing home charges and medical care.

9.    During the summer of 1994 the mortgagors' principals, John and

2

Marlene Koutoufaris, were clients of Morris James. At this time (late summer 1994),
Decedent was ready to foreclose the debtors' property to satisfy the mortgage. When
Morris James was advised of this imminent foreclosure by the debtors, Morris James,
through Norris P. Wright, Esq., advised and assured the Decedent, through plaintiff's
agent and son Roger Keith, that the mortgage would be settled by the debtors
individually, or by entities under debtors' control, which would be receiving
$6,950.000.00 through their purported lender in England during September, 1994. In
fact, to further assure plaintiff that payment was forthcoming, Norris P. Wright, Esq.
advised Roger Keith during the summer of 1994 that they were in the process of
restructuring the businesses of the mortgagor-debtors in order to assist the
debtors/mortgagors' settlement of monies due their creditors, of which this subject
mortgage was one such debt. Norris P. Wright, Esq. assured the Decedent that he would
receive payment in full upon the debtors' receipt of the loan.

10.    As a result of Norris P. Wright, Esq.'s representations to the Decedent, the
Decedent did not commence foreclosure proceedings, and awaited the settlement of the
mortgage debt upon receipt of the debtors' purported loan monies.

11.    Morris James and Norris P. Wright, Esq. allegedly closed debtors'
$6,950,000.00 loan transaction on September 16, 1994, but no monies were ever received
from the so called lender. In fact, the so called English lender turned out to be a scam, of
which defendants were actually aware of as of November 22, 1994.

12.    Despite no monies ever being received, nor there being a representative
from the so called lender present at the closing, Morris James and Norris P. Wright, Esq.

3

caused liens and mortgages to be placed on properties controlled by the debtors to be removed and satisfied.

13.     On October 6, 1994, Norris Wright caused a letter to be written which was reasonably calculated to reach the Decedent assuring him that the debtors' loan monies were forthcoming and that the mortgage would be satisfied.

14.     Debtors were directed by Norris Wright and Morris James to show this letter to their creditors in order to stave off default actions and claim litigation, pending the receipt of the purported loan.

15.     Based on the assurances by Norris Wright and Morris James, which among others was their letter of October 6, 1994, Norris Wright and Morris James on October 7, 1994 caused the Decedent, who had relied upon such assurances of payment upon receipt of the purported loan, to release his mortgage in consideration of the debtors making a promissory note to the Decedent in the amount of $435,000.00.

16.     By making the note, debtors had assumed personal liability with regard to paying the mortgaged amount instead of Koutoufaris Enterprises Inc.

17.     On or about October 7, 1994, debtors had paid Decedent $50,000.00 as a partial payment against the mortgage, reducing the note's amount from $485,000.00 to $435,000.00.

18.     When releasing this mortgage,  the Decedent's were not informed by Morris James and Norris Wright that they had failed to investigate the existence and commercial viability of the purported lender, nor that Morris James and Norris Wright risked receiving the $435,000.00 promissory note amount.

4

19.    When seeking the legal services from Morris James, debtors had advised Morris James and Norris Wright of the Decedent's mortgage and the fact the debtors were in default since February 11, 1994. As a result of this default, debtors requested the restructuring of their businesses and closing of their purported loan be as expeditious as possible in order that the Decedent be paid in full.

20.    Debtors additionally advised the Decedent that their mortgagor corporation (Koutoufaris Enterprises Inc.) was damaged due to the breach of a loan contract made by a sham New York mortgage banker in 1993 who never provided them with a loan that they had contracted for in the amount of $6,000,000.00. This damage to Koutoufaris Enterprises, Inc. was another reason Morris James required John and Marlene Koutoufaris to execute the mortgage note individually, in order that the mortgagor Koutoufaris Enterprises, Inc. would not be the obligor for payment of the mortgage due to it being insolvent as a result of the prior loan scam.

21.    Koutoufaris Enterprises, Inc., through debtor John Koutoufaris, had sued the New York mortgage banker in 1993, in the United States District Court for the Southern District of New York, entering Judgment for $380,831.02 on May 24, 1995, in favor of debtors' entity, Koutoufaris Enterprises, Inc.

22.    Debtors had informed Morris James and Norris Wright of this Federal Court judgment to caution Morris James and Norris Wright to take great precautions so that the debtors, or any of their related business entities, would not become loan scan victims a second time.

23.    February 2, 1995, debtors, John and Marlene Koutoufaris, along with their counsel at the time Defendant Gregory A. Sioris, Esq. and Ronald D. Smith, Esq., visited

5

Morris James at their offices and met with Norris Wright and William R. Hitchens, Jr., Esq.

24.    At this meeting debtors' counsel asked whether these defendants had investigated the existence and financial viability of the purported lender, Charmeuro Limited, through a financial reporting service such as Dun & Bradstreet. At the meeting a secretary of Morris James performed such a search for the first time, with the search showing no such lender at the address provided to Morris James in their loan papers.

25.    Although Morris James and Norris Wright had know about the sham status of the debtors' purported lender since November 22, 1994, they had failed to convey this information to either the debtors, debtors' counsel, or to the Plaintiff at any time since this date.

26.    During early February, 1995, debtors continued their investigation regarding Charmeuro Limited in order to seek the $6,990,000.00 funding. Debtors directed their son Marc Koutoufaris go to Gloucester, England and visit the offices of Charmeuro Limited in order to inquire of the whereabouts of the $6,950,000.00, since debtors knew they had plaintiff's debt, among other debts, to settle.

27.    After traveling to the offices of the purported lender in Gloucester, England, Marc Koutoufaris was advised by the Nottingham Police on February 9, 1995 that Charmeuro Limited was a scam operation defrauding approximately 300 companies, with debtors being among those persons defrauded.

28.    Upon Marc Koutoufaris' return to Delaware from England in February, 1996, he informed plaintiff and debtors of the results of his trip, and debtors contacted defendants and advised them of Charmeuro Limited's loan fraud.

6

29.    Debtors sought Morris James and Norris Wrights' immediate legal help in order to remedy the situation they had been placed in, namely, that they would not be receiving $6,950,000.00 from Charmeuro Limited, but were obligated to the plaintiff pursuant to the mortgage note prepared by Morris James and Norris Wright, as based on the direct and proximate result of the advice and other legal services rendered to the debtors and to plaintiff by Morris James and Norris Wright during 1994.

30.    When the plaintiff estate did not receive any payment from Morris James and/or Norris Wright, Plaintiff retained the services of Sioris and Heiman and filed a legal malpractice case against Morris James and Norris Wright.

31.    On or about October 4, 1996, Plaintiff entered into an attorney–client agreement with Sioris for the aforementioned legal malpractice action. A true and correct copy of the Agreement is attached herein as Exhibit "A".

32.    Sioris was admitted Pro Hac Vice and Heiman and his firm served as co-counsel in prosecuting the matter.

33.    In 1996 a legal malpractice action was initiated by Complaint in the United States Bankruptcy Court.

34.    In the Complaint, prepared by Sioris and Heiman, only two counts were alleged against Morris James and Norris Wright; the first for negligence and the second for exemplary damages.

7

35.    There was no count in the Complaint for Breach of Fiduciary Duty by Morris James and Norris Wright with regards to the Plaintiff.

36.    Sioris and Heiman were unsuccessful in prosecuting the Plaintiff's case, specifically they were unable to establish an attorney-client relationship, which is a necessary element in establishing duty for purposes of negligence.

37.    Sioris and Heiman filed an Appeal to the District Court of Delaware, but on February 25, 2002, lost that Appeal when both attorneys failed to appear in Court for argument causing the Plaintiff's this first appeal.

38.    Sioris and Heiman filed a subsequent appeal from the District of Delaware to the Third Circuit Court of Appeals on behalf of the Plaintiff.

39.    This time too, Plaintiff's lost their Appeal to the Third Circuit Court, again for failure to prosecute when Sioris and/or Heiman failed to file the Plaintiff/Appellant's brief by the due date.

## COUNT I

## PLAINTIFF VS. SIORIS AND HEIMAN

## NEGLIGENCE

40.    Plaintiffs repeat and re-allege paragraphs 1 through 39 above as if the same were set forth at length herein.

41.    As the attorneys litigating the underlying legal malpractice action, and as the attorneys conducting the investigation of the legal malpractice on behalf of the Plaintiff, Heiman and Sioris knew or should have known the importance of including a

8

Count for Breach of Fiduciary Duty, should they not be able to prove an attorney-client relationship between the Plaintiff and Morris James and Norris Wright.

42.     It is believed and therefore averred, that Sioris and Heiman as Plaintiff's attorneys knew or should have known that the Plaintiff would rely upon their legal advice in order to prosecute the underlying matter, including the handling of any appeals.

43.     It is believed and therefore averred that Sioris and Heiman at all times relevant hereto, were aware that the Plaintiff would rely on their opinion in order to determine litigating the matter against Norris Wright and Morris James and the handling of any appeals that may follow.

44.     Sioris and Heiman deviated from the applicable standard of care required by a licensed Delaware litigation attorney and committed a culpable act of malpractice by failing:

> a.  To bring a cause of action for Breach of Fiduciary Duty against Norris Wright and Morris;
>
> b.  To properly prosecute the case against Norris Wright and Morris James;
>
> c.  To properly conduct discovery in aid of prosecuting the underlying case against Norris Wright and Morris James;
>
> d.  To secure a qualified expert to prove the legal malpractice of Norris Wright and Morris;
>
> e.  To timely file pleadings, briefs and filing as required by the Courts;
>
> f.  To attend all hearings and arguments scheduled before the Courts and
>
> g.  Any other deviation from the applicable standard of care the Plaintiff may discover during discovery.

9

45.     As a result and direct proximate cause of Sioris and Heiman's negligence, the Plaintiff has been and will be denied to recover its claim of $435,000.00 plus exemplary damages against Norris Wright and Morris James.

46.     As a result and direct proximate cause of Defendants' negligence, the Plaintiff has suffered in excess of $435,000.00 plus exemplary damages.

WHEREFORE, the Plaintiff requests this Court to enter judgment in its favor and against the Defendants Sioris and Heiman, jointly and severally, in an amount in excess of $100,000.00, together with pre and post-judgment interest, reasonable attorney's fees, costs of suit, and such other relief as the Court or Jury may deem appropriate.

## COUNT II

### PLAINTIFF VS. HEIMAN, ABER, GOLDLUST & BAKER

### RESPONDIAT SUPERIOR

47.     Plaintiff repeats and re-alleges paragraphs 1 through 46 above as if the same were set forth at length herein

48.     At all times relevant hereto Heiman was operating within the scope of his employment with Defendant Heiman, Aber, Goldlust & Baker.

49.     Based upon the Doctrine of Respondeat Superior, Defendant Heiman, Aber, Goldlust & Baker is liable for the action and/or omissions complained of above.

WHEREFORE, the Plaintiff requests this Court to enter judgment in its favor, and against the Defendant Heiman, Aber, Goldlust & Baker in an amount in excess of

10

$100,000.00, together with pre and post-judgment interest, reasonable attorney's fees,

costs of suit, and other relief, as the Court or Jury may deem appropriate.


GIBSON & PERKINS, P.C.

By: _____
      Kevin William Gibson, Esq.
      Attorney I.D. #2025
      1326 King Street
      Wilmington, DE 19801
      610.565.1708
      610.565.4358 [FAX]
      kevingibson@gibperk.com

*EXHIBIT "A"*

*EXHIBIT "A"*

*EXHIBIT "A"*

Rx Date/Time    FEB-16-2005(WED) 10:05              4075660304                        P. 002
02/16/2005  11:14    4075660304
10/04/1996  14:20    12129210163          SIORIS AND MOLOMBY                     PAGE  02

GREGORY A. SIORIS
   ATTORNEY AT LAW
                                                                      PHONE (212) 840 4044
                                                                      FAX (212) 891-0160

                                SUITE 1420
                              500 FIFTH AVENUE
                            NEW YORK, N.Y. 10110-1499


October 4, 1996

                                VIA FAX


Mr. Roger Keith
Dover, DE

   Re:  Attorney Retainer Agreement
        Estate of Ernest Keith v. Morris, James, et. al. and
        Norris P. Wright, Esq.

Dear Roger:

        This letter will confirm our agreement with regard to
attorney's fees in the above matter.

        Attorney's fees will be one third (33.33%) of whatever
monies or other consideration I collect on your or the estate's
behalf, either through settlement or trial.   Should an appeal
arise, then the percentage will be forty percent (40%) of
whatever monies or other consideration is received.  The appeal
percentage will arise if a notice of appeal is filed by any party
to the proceedings.

        All expenses of this suit will be borne by you.  These in-
clude filing and process server fees, stenographic transcripts
for depositions, long distance telephone calls, copying and
reproduction, and whatever else is needed in order for the
prosecution of this action, which may perhaps entail hiring an
expert witness.  When I will have to travel for Delaware, these
expenses also will be borne by you.  To the extent that certain
items such as travel may apply to you and to Marlene and John
Koutoufaris, then in such case, I suggest these costs be divided
between you.

        A disbursements bill will be forwarded once a sum arises
which is not negligible.  Payment will be required within 10 days
of the receipt of such bill.

        Should you wish to terminate my services at any time, fees
will then be based on an hourly rate of $200.00 for the hours ex-
pended on this matter.

Rx Date/Time     FEB-16-2005(WED) 10:05          4075660304                              P. 003
02/16/2005  11:14    4075660304                                                    PAGE  03
10/04/1996  14:20    12129210163               SIORIS AND MELLUMBY             PAGE  03/11

GREGORY A. SIORIS

Mr. Roger Keith
October 4, 1996
Page Two

If the above terms are satisfactory, may I kindly request you sign and return a copy of this letter to me. We both agree a facsimile copy will be deemed an original with regard to the effect of the terms contained in this writing.

Should you have any questions, I am available to answer them.

I look forward to working with you on this matter and remain,

Very truly yours,

Gregory A. Sioris

Agreed and Accepted: _____
                          Roger Keith

Dated: October 4 , 1996

GAS: ms

EFiled: Apr 8 2005 12:57... EDT

**SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)**

Filing ID 5687731

COUNTY:   N   K   S          CIVIL ACTION NUMBER: 05C-02-272 CLS

Civil Case Code:   CMAL          Civil Case Type:   Malpractice
                                  (See Reverse Side for Code and Type)

| Caption: | Name and Status of Party Filing Document: |
|---|---|
| Roger Keith, Co-Executor to the Estate of Ernest V. Keith, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> George Sioris, Esquire, Henry A. Heiman, Esquire, and Heiman Aber Goldlust & Baker <br><br> Defendants. | Henry A. Heiman, Esquire and Heiman Aber Goldlust & Baker, Defendants <br><br> Document Type: (e.g. Complaint; Answer with Counterclaim) <br><br> ANSWER OF HENRY A. HEIMAN, ESQUIRE AND HEIMAN ABER GOLDLUST & BAKER <br><br> Non-Arbitration _X_____ <br> (Certificate of Value May Be Required) <br><br> Arbitration ____   Mediation ____   Neutral Assessment ____ <br><br> Defendant (Circle One)   ACCEPT        REJECT <br><br> Jury Demand   Yes __X__      No ___ <br><br> Track Assignment Requested (Circle One) <br><br> EXPEDITED   STANDARD   COMPLEX |
| ATTORNEY NAME: <br><br> JOHN A. ELZUFON, ESQ. <br> ATTORNEY ID(S): <br><br> _____ #177 _____ <br> FIRM NAME: <br><br> Elzufon, Austin, Reardon, Tarlov & Mondell, P.A. <br><br> ADDRESS: <br> 300 Delaware Ave., Suite 1700 <br> P.O. Box 1630, <br> Wilm., DE  19899-1630 <br><br> TELEPHONE NUMBER: <br><br> (302) 428-3181 <br><br> FAX NUMBER: <br><br> (302) 428-3180 <br> E-MAIL ADDRESS: <br><br> jelzufon@elzufon.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS <br><br> _____ None _____ <br><br> _____ <br> EXPLAIN THE RELATIONSHIP(S): <br><br> _____ <br> _____ <br> _____ <br> _____ <br><br> OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: <br><br> _____ <br> _____ <br> _____ <br> (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 6/2002

EFiled: Apr 8 2005 12:57...
Filing ID 5577801

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| ROGER KEITH, CO-EXECUTOR | : | C.A. No.: 05C-02-272 CLS |
| TO THE ESTATE OF | : | |
| ERNEST V. KEITH, DECEASED | : | NON-ARBITRATION |
| | : | |
| Plaintiff, | : | JURY TRIAL OF 12 DEMANDED |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE A. SIORIS, ESQUIRE, | : | |
| HENRY A. HEIMAN, ESQUIRE, | : | |
| and HEIMAN ABER GOLDLUST & BAKER, | : | |
| | : | |
| Defendants. | : | |

### ANSWER OF HENRY A. HEIMAN, ESQUIRE AND HEIMAN ABER GOLDLUST & BAKER

1.    The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph of the Complaint.

2.    Admitted.

3.    This allegation is manifestly intended to be answered by another party.

4.    This allegation is manifestly intended to be answered by another party.

5.    Denied as stated in that Henry A. Heiman's principal place of business is Heiman Gouge and Kaufman, LLP, 800 King Street, Suite 303, Wilmington, Delaware, 19801.

6.    Denied as stated. It is admitted that at one point in time there was an association of law practices known as Heiman Aber Goldlust & Baker and that said association of law practices was located at 702 King Street, Suite 600, Wilmington, Delaware, 19801.

7.    The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied.

8.    The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied.

9.  The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

10. The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

11. The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

12. The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

13. The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

14. The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

15.   The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

16.   The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

17.   The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

18.   The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

19.   The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

20.   The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the

Complaint occurred at a point in time before the answering defendants had any involvement.

21.   The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

22.   The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

23.   The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

24.   The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

25.   The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

26.   The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the

Complaint occurred at a point in time before the answering defendants had any involvement.

27.    The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

28.    The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

29.    The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, some or all of the allegations in this paragraph of the Complaint occurred at a point in time before the answering defendants had any involvement.

30.    The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied.

31.    The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied.

32.    The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied. To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied.

33.    The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied.  To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied.

34.    The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied.  To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied.

35.    The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied.  To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied.

36.    The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied.  To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, the Court's record will determine exactly why the case was unsuccessful.

37.    The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied.  To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, the official Court records will show why the appeal was dismissed.

38.    The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied.  To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied.

39.    The allegations in this paragraph of the Complaint are admitted solely to the extent that the relevant records and subsequent discovery prove them to be accurate. Except as admitted, they are denied.  To the extent that the allegations of this paragraph of the Complaint allege any wrongdoing, whether expressed or implied, said allegations are denied. By way of further answer, the record of the 3rd Circuit will show that Mr. Heiman's Motion to Withdraw as Counsel was granted and Mr. Sioris was the only attorney of record subsequent to that withdrawal.

## COUNT I

### PLAINTIFFS VS. SIORIS AND HEIMAN

### NEGLIGENCE

40.   The answering defendants repeat their responses to paragraphs 1-39 above as if set forth in full.

41.   Denied.  There can be no fiduciary duty in the absence of an attorney client relationship.

41.   Denied as to answering defendants.  By way of further answer, answering defendants provided no legal advice to plaintiff.

42.   Denied as to answering defendants.  By way of further answer, the allegation as stated is meaningless.  What does "determ[ing} litigating the matter" mean?

44.   Denied as to the answering defendants.

45.   Denied as to the answering defendants.

46.   Denied as to the answering defendants.

### COUNT II

### PLAINTIFFS VS. HEIMAN ABER GOLDLUST & BAKER

### RESPONDEAT SUPERIOR

47.   The answering defendants repeat their responses to paragraphs 1-46 above as if set forth in full.

48.   Denied.

49.   Denied.

### CROSSCLAIM

The answering defendants crossclaim against their co-defendant solely for the purpose of permitting the finder of fact to apportion fault if any fault is found, Ikeda v. Molock, Del. Supr., 602 A.2d 785 (1991) and, in the applicable case, to permit the answering defendants to seek contribution, reduction, etc. pursuant to the provision of any joint tort-feasor release which, in the future, may be executed by plaintiff(s).

## DENIAL OF CROSS-CLAIM

Answering defendants deny all crossclaims that have been asserted against them to date and also deny any crossclaims that may be asserted against them in the future.

## FIRST AFFIRMATIVE DEFENSE

To the extent that any matters complained of herein fall outside of the applicable statute of limitations, the same are barred by the relevant statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

The plaintiffs' claims fail to state a cause of action against the answering defendants under Superior Court Civil Rule 12(b)(6).

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for reasonable attorneys fees is not permitted under Delaware law.

## RESERVATION OF RIGHTS

Answering defendants reserve the right to raise any additional defense, crossclaim or counterclaim which may be supported by evidence as discovery unfolds.

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.

/s/ John A. Elzufon
John A. Elzufon, Esquire #177
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
(302) 428-3181
Attorney for Defendants
Henry A. Heiman, Esquire and
Heiman Aber Goldlust & Baker

DATED: 04/08/05
G:\Docs\CLIENT\314\15533\pleading\00277162.DOC

EFiled: Apr 8 2005 12:57PM EDT
Filing ID 5577801

## AFFIDAVIT OF MAILING

STATE OF DELAWARE )
                      )    SS.
NEW CASTLE COUNTY )

    I, MICHELLE COOPER, secretary at the law firm of Elzufon Austin Reardon Tarlov & Mondell, P.A., do hereby certify that copies of the attached ANSWER OF HENRY A. HEIMAN, ESQUIRE AND HEIMAN ABER GOLDLUST & BAKER were served via electronic filing to the following individual(s):

Kevin William Gibson, Esquire
Gibson & Perkins, P.C.
Suite 105
200 East State Street
Media, PA 19063
and
1326 King Street
Wilmington, DE 19801

                                    /s/ Michelle Cooper
                                    MICHELLE COOPER

    SWORN TO AND SUBSCRIBED before me, a Notary Public, this   8th

day of   April          , 2005.

                                    /s/ Emily N. Bucci
                                  NOTARY PUBLIC

G:\Docs\CLIENT\314\15533\pleading\00277166.DOC

## Debbie Hontz

From:     "Kevin William Gibson" <KevinGibson@gibperk.com>
To:       "Debbie Hontz" <debblehontz@gibperk.com>
Sent:     Monday, April 11, 2005 10:16 AM
Subject:  Fw: 05C-02-272 CLS; Filing: 5577801 - Notification of Service

----- Original Message -----
From: "LexisNexis File & Serve" <eFile@fileandserve.lexisnexis.com>
To: <kevingibson@gibperk.com>
Sent: Friday, April 08, 2005 12:57 PM
Subject: Case: 05C-02-272 CLS; Filing: 5577801 - Notification of Service

To: Kevin William Gibson
From: LexisNexis File & Serve
Subject: Service of Documents in Keith, Roger vs George A Sioris Esq

You are being served documents that have been electronically submitted in
Keith, Roger vs George A Sioris Esq through LexisNexis File & Serve. The
details for this transaction are listed below.

Court: DE Superior Court-New Castle County
Case Name: Keith, Roger vs George A Sioris Esq
Case Number: 05C-02-272 CLS
Filing ID: 5577801
Document Title(s):
Answer of Henry A. Heiman, Esquire and Heiman Aber Goldlust & Baker
Affidavit of Mailing
Case Information Statement
Authorized Date/Time: Apr 8 2005 12:57PM EDT
Authorizing Attorney: John A Elzufon
Authorizing Attorney Firm: Elzufon Austin Reardon Tarlov & Mondell PA
Filing Parties:
Heiman, Henry A
Heiman Aber & Goldlust
Served Parties:
Keith, Roger

Check for additional details (and view the documents) online at:
https://fileandserve.lexisnexis.com/Login/Login.aspx?FI=5577801 (subscriber
login required)

Thank you for using LexisNexis File & Serve!

LexisNexis offers LexisNexis File & Serve training for both new and advanced
users. To learn more about LexisNexis File & Serve training options, please
visit http://www.LexisNexis.com/FileAndServe/support.asp and click on
Training.