IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROGER KEITH, CO-EXECUTOR    :
TO THE ESTATE OF            :
ERNEST V. KEITH, DECEASED   :
                            :
    Plaintiff,             :
                            :
v.                          :   1:05-cv-00326-KAJ
                            :
                            :
GEORGE A. SIORIS, ESQUIRE,  :
HENRY A. HEIMAN, ESQUIRE,   :
and HEIMAN ABER GOLDLUST & BAKER, :
                            :
    Defendants.            :

**RESPONSE OF HENRY A. HEIMAN, ESQUIRE AND HEIMAN ABER
GOLDLUST & BAKER TO DEFENDANT, GREGORY SIORIS'
NOTICE OF REMOVAL**

1. Under the Federal Rules and supporting case law, a party cannot stipulate to subject matter jurisdiction. Furthermore, if a party possesses facts that could aid in the Court's determination of whether subject matter jurisdiction exists, that party has an obligation to bring those facts to the Court's attention, so that the Court can make an informed decision. Such facts must be brought to the Court's attention regardless of whether or not the party would prefer that the case be litigated in the federal system as opposed to the state system.

2. Based on defense counsel's continuing obligation to bring relevant facts to the Court's attention, defendants have attached a copy of the Register's Order, dated May 28, 1996. The Register's Order indicates that Roger M. Keith, co-executor of Ernest Keith's Estate, and plaintiff in the above captioned case, resides at 117 Burning Tree Road, Dover, DE 19904. A copy of the Register's Order is attached.

3. Pursuant to 28 U.S.C. §1332(c)(2), the legal representative of the estate of the decedent shall be deemed to be a citizen only of the same state as the decedent. As evident by the Register's Order, decedent's estate was located in Delaware, therefore, Roger Keith, as co-executor, must be deemed a resident of Delaware, regardless of where he presently resides.

3. Under federal case law, 28 U.S.C. §1441(a) (2004), is to be strictly construed, requiring remand if any doubt exists over whether removal is proper. Shamrock Oil & Gaz Corp. v. Sheets, 313 U.S. 100, 104 (1941). Furthermore, the party seeking removal bears the burden of establishing federal jurisdiction. Zoren v. Genesis Energy. L.P., 195 F. Supp.2d 598, 602 (D.Del.2002).

4. Based on the foregoing, it appears that defendant Gregory Sioris' Notice of Removal can not be granted since both plaintiff and at least one defendant are residents of Delaware.

                    **ELZUFON AUSTIN REARDON**
                    **TARLOV & MONDELL, P.A.**

                    **/s/ Matthew P. Donelson**
                    John A. Elzufon, Esquire #177
                    Matthew P. Donelson, Esquire #4243
                    300 Delaware Avenue, Suite 1700
                    P.O. Box 1630
                    Wilmington, DE 19899-1630
                    (302) 428-3181
                    Attorney for Defendants
                    Henry A. Heiman, Esquire and
                    Heiman Aber Goldlust & Baker

DATED: 06/16/05
G:\Docs\CLIENT\314\15533\pleading\00286764.DOC

# REGISTER'S ORDER

## REGISTER'S OFFICE

Kent County, Delaware, ........May 28.......... 19..96..

Upon application of......David P. Buckson, Donna L. Baker and Roger M. Keith......

........Co-Executors................................. of......... Ernest V. Keith................., late of Kent County, deceased, it is ordered and directed by the Register that the said ..................................

......David P. Buckson, Donna L. Baker, And Roger M. Keith....................................

who on the ......28th........ day of ............May............. A.D. 19 ..96.. was appointed ........Co-Executors..........................

as aforesaid, give notice of the granting of such Letters and the date thereof, by advertisements to be posted in the County Court House, in and for Kent County and published in ......Dover Post...................... a newspaper published in Kent County, at least once a week for a period of three succesive weeks, requiring all persons having claims against the said.........Ernest V. Keith............................... to exhibit the same to such ........Co-Executors............................................. or abide by the law in this behalf.

GIVEN under my hand and seal of office, at Dover in said Kent County, the day and year above written.

_(signed)_ Ross H. Trader
**REGISTER**

## NOTICE

In pursuance of an order of ROSS W. TRADER, Register of Wills, in and for Kent County, Delaware, dated..........................May 28.................. A.D. 19 ..96.. notice is hereby given of the granting

Letters ........Testamentary.................. on the estate of........Ernest V. Keith.................................

on the ......Twenty-Eighth......... day of...........May............ A.D. 19 ..96.. All persons having claims against the said........Ernest V. Keith.................. who died on...........May 13, 1996...............

are required to exhibit the same to such........Co-Executors.................... within eight months of the date of death or abide by the law in that behalf, which provides that such claims against the said estate not so exhibited shall be forever barred.

ROSS W. TRADER
*Register of Wills*

_(signatures: Donna L. Baker, David P. Buckson, Roger M. Keith)_

**Attorney For Estate:**

_____
_____
_____

Personal Representative(s)

Donna L. Baker         Roger M. Keith
R.D. 2 Box 271         117 Burning Tree Rd.
Greenwood, Dela. 19956 Dover, Dela. 19904

David P. Buckson
110 N. Main St.
Camden, Dela. 19934

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROGER KEITH, CO-EXECUTOR<br>TO THE ESTATE OF<br>ERNEST V. KEITH, DECEASED | : | |
| Plaintiff, | : | |
| v. | : | 1:05-cv-00326-KAJ |
| GREGORY A. SIORIS, ESQUIRE,<br>HENRY A. HEIMAN, ESQUIRE,<br>and HEIMAN ABER GOLDLUST & BAKER, | : | |
| Defendants. | : | |

**CERTIFICATE OF ELECTRONIC SERVICE**

I, Matthew P. Donelson, do hereby certify that on this 16th day of June, 2005, I have caused the following documents to be served electronically on the parties listed below:

1. Response to defendant Gregory A. Sioris, Esq.'s Notice of Removal;

2. Copy of the Register's Order;

3. This Certificate of Electronic Service.

| Kevin W. Gibson, Esq.<br>Gibson & Perkins LP<br>1326 King Street<br>Wilmington, DE 19801 | Gregory A. Sioris, Esq.<br>350 Fifth Avenue #7606<br>New York, NY 10118-7606 |
|---|---|

DATE: June 16, 2005

/s/MATTHEW P. DONELSON
MATTHEW P. DONELSON #4243

G:\Docs\CLIENT\314\15533\pleading\00288375.DOC