IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 AUG -1  PM 2: 35

| | |
|---|---|
| ROGER KEITH, Co-Executor To the Estate of Ernest V. Keith, )<br><br>Plaintiff, )<br><br>v. )<br><br>GREGORY A. SIORIS, Esquire, and HENRY A. HEIMAN, Esquire, and HEIMAN, ABER, GOLDLUST & BAKER, )<br><br>Defendants. ) | Civil Action No. 05-326-KAJ |

## MEMORANDUM ORDER

This legal malpractice case is before me pursuant to a Notice of Removal (Docket Item [D.I.] 1, "Notice") filed by defendant Gregory A. Sioris. Defendants Henry A. Heiman and Heiman, Aber, Goldlust and Baker (collectively, "non-diverse Defendants") filed a response to the Notice, asserting that removal cannot be granted because complete diversity is lacking.[1] (D.I. 4 at ¶ 4.) In his reply to that response, Mr. Sioris does not dispute the lack of diversity but argues that I should dismiss the non-diverse Defendants pursuant to Rule 21 of the Federal Rules of Civil Procedure because those Defendants failed to allege that they are indispensable parties to the suit. (D.I. 5 at ¶ 2.) For the reasons that follow, I am remanding the case to the state court.

It is axiomatic that a case can only be removed from state court to federal court under 28 U.S.C. § 1441 if the matter is one over which the federal court has original

---

[1] Defendant is a citizen of the State of New York. (D.I. 1 at ¶ 4.) The Plaintiff and at least one non-diverse Defendant are citizens of the State of Delaware. (See D.I. 4 at ¶¶ 2-4.)

jurisdiction. In a case in which jurisdiction is based on diversity of citizenship, complete diversity must exist and the amount in controversy, exclusive of interest and costs, must exceed $75,000. *See* 28 U.S.C. § 1332(a). If, after a case has been removed, "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is the burden of the party opposing remand of the case "to show the existence and continuance of federal jurisdiction." *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987). When "[r]uling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiffs' complaint at the time the petition for removal was filed. In so ruling the district court must assume as true all factual allegations of the complaint." *Id.* (internal citations omitted). Jurisdictional prerequisites to removal are absolute and non-waiveable. *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996).

"When a non-diverse party has been joined as a defendant, then in absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Batoff v. State Farm Insurance Co.*, 977 f.2d 848, 851 (3d Cir. 1992). The Third Circuit has stated that "joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* (quoting *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). However, "'[i]f there is even a possibility that a state court would find that the complaint states a cause of

action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983)). The Third Circuit has further held that "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merit of those claims or defenses." *Id.* at 113. Generally, the Plaintiff chooses whom to sue, and while there "may [be] repercussions for purposes of diversity jurisdiction, there is no reason for the court to interfere with this inevitable consequence ...," unless diversity is manufactured or intentionally defeated. *Id.* at 110.

Here, the Plaintiff has asserted claims against both Mr. Sioris and the non-diverse Defendants. Mr. Sioris has provided no basis for me to conclude that the joinder of the non-diverse Defendants is fraudulent or otherwise improper. Therefore, I am not free to dismiss the non-diverse Defendants to obtain jurisdiction. Lacking subject matter jurisdiction, I must remand the case to the state court. Accordingly, IT IS HEREBY ORDERED that the case is remanded to the Superior Court of the State of Delaware in and for New Castle County.

UNITED STATES DISTRICT JUDGE

August 1, 2005
Wilmington, Delaware